UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM DELONEY,<br>Plaintiff,<br><br>vs.<br><br>ETHNA M. COOPER, et al.,<br>Defendants. | Case No. 1:18-cv-415<br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Plaintiff James William Deloney, a resident of Indianapolis, Indiana, brings this action against Hamilton County, Ohio Common Pleas Court Judge Ethna M. Cooper and Hamilton County, Ohio Prosecutor Joseph T. Deters under 42 U.S.C. § 1983. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; see also 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint states he is bringing his claims against defendants in their official capacity. (Doc. 1 at 2). Plaintiff alleges that in June 2013, defendant Deters perjured himself in front of the grand jury by stating he had plaintiff's finger prints from a crime scene and used such information to obtain a warrant on indictment for plaintiff's arrest on charges of aggravated murder with specifications. (Doc. 1 at 4). Plaintiff further alleges that defendant Cooper "refused to clear" plaintiff's name after he "proved that is wasn't me." (*Id.*). Plaintiff states defendant Cooper permitted the "Murder/Robbery Warrant" to be listed on his criminal information, which has interfered with his employment opportunities. He further alleges that defendant Cooper refuses to pay for damages to his cell phone and moped, which were damaged when plaintiff was arrested by police. As relief, plaintiff seeks $6 million.

Plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983 and seeks relief from defendants who are immune from such relief. Therefore, plaintiff's complaint should be sua sponte dismissed.

First, plaintiff's claims against the defendants are barred by the two year statute of limitations governing civil rights claims under 42 U.S.C. § 1983. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42

3

U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Plaintiff alleges that the events giving rise to his claims against the defendants occurred in June 2013. Accordingly, the statute of limitations expired in June 2015, and plaintiff's complaint, which was filed on June 14, 2018, is barred by the statute of limitations.

Second, plaintiff's claims against defendants in their official capacity are treated as claims against Hamilton County, Ohio. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision or custom promulgated by the County. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright,* 753 F.3d at 660 (citing *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson,* 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff's complaint fails to allege any facts showing that the alleged actions taken by defendants Deters and Cooper stemmed from a particular policy, custom, or practice of Hamilton County that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants in their official capacity and should be dismissed.

In the alternative, even if plaintiff was bringing his claims against defendants in their individual capacity, his complaint should be dismissed because it seeks relief from defendants who are immune from such relief. Plaintiff's claims against defendant Judge Cooper are barred by judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge

5

Cooper in the state court action were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff has alleged no facts indicating that the judge acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, Judge Cooper is absolutely immune from civil liability in this matter.

Plaintiff's complaint against defendant Deters must be dismissed because it seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury is protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Likewise, "prosecutors do not forfeit their absolute immunity when they knowingly make false statements while advocating before the court." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725-26 (6th Cir. 2011) (citing *Burns v. Reed*, 500 U.S. 478, 489-90 (1991)) ("Like witnesses, prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), and also for eliciting false and defamatory testimony from witnesses."). Such "absolute prosecutorial immunity is not defeated by a showing that a

prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

Plaintiff's claim that defendant Deters made false or fabricated statements during grand jury proceedings is barred by absolute immunity. *Imbler*, 424 U.S. at 430. Defendant Deter's alleged conduct falls squarely under the prosecutorial absolute immunity recognized in *Imbler* and *Pittman*. Therefore, defendant Deters is immune from a civil suit for damages under § 1983.

Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted and, in the alternative, because it seeks relief from defendants who are immune from suit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/13/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES WILLIAM DELONEY,
Plaintiff,

vs.

ETHNA M. COOPER, et al.,
Defendants.

Case No. 1:18-cv-415
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).